IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

APACHE INDUSTRIAL SERVICES, INC.
d/b/a/ METALIZING AND PROTECTIVE
COATINGS OF AMERICA and
METALIZING PROTECTIVE COATINGS
OF AMERICA, INC.                                                                              PLAINTIFFS

v.                                          Case No. 4:14-CV-01019

AREZ, LLC; ARKANSAS DEVELOPMENT
FINANCE AUTHORITY; ARKANSAS
ECONOMIC DEVELOPMENT COMMISSION;
LARCO, INC.; and ALREZ, INC.                                                                  DEFENDANT

**ORDER**

Before the Court is Plaintiffs', Apache Industrial Services ("Apache") and Metalizing Protective Coatings of America, Inc. ("Metalizing"), Motion to Remand. (ECF No. 19). The Defendants Arez, LLC ("Arez"), Arkansas Development Finance Authority ("ADFA"), Arkansas Economic Development Commission ("AEDC"), Larco, Inc. ("Larco"), and Alrez, Inc. ("Alrez") have not responded and the time for a response has passed. The Plaintiffs argue that the matter should be remanded because (1) the Notice of Removal fails to establish the citizenship of all of the parties; (2) the existence of two Defendants which are agencies of the State of Arkansas precludes federal diversity jurisdiction; (3) the action may not be removed because some of the Defendants are citizens of the State of Arkansas; (4) all properly joined Defendants did not consent to removal; and (5) the removing Defendants did not file a Notice of Removal with the state circuit court in which the action was brought. The Court finds this matter ripe for consideration. For the reasons stated herein, Plaintiffs' Motion to Remand is GRANTED.

I. Standard

The right of removal from a state court to a federal court exists only in certain enumerated classes of actions, and in order to exercise the right of removal, it is essential that the case be shown to be one within one of those classes. *Ches. & Ohio Ry. v. Cockrell*, 232 U.S. 146 (1914). Federal district courts have jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States." 28 U.S.C. § 1332(a). The removing party bears the burden of establishing jurisdiction by a preponderance of the evidence. *Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990). The Court's "determination of citizenship for the purpose of diversity is a mixed question of law and fact, but mainly fact." *Blakemore v. Mo. Pac. R.R. Co.*, 789 F.2d 616, 618 (8th Cir. 1986). The Court's inquiry "is not limited to the complaint, as it often can be when removal is based on federal question jurisdiction, because certain matters critical for determining diversity jurisdiction, such as the citizenship of the parties or the amount in controversy, may not appear in the state court complaint." 14B Fed. Prac. & Proc. Juris. § 3723 (4th ed.); *see also Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 769 (8th Cir. 2005).

II. Discussion

A. Citizenship of Defendant Corporations

The removing Defendants have not met their burden to demonstrate that the parties are completely diverse. A corporation is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The Plaintiffs' Complaint alleges that "Metalizing and Protective Coatings of America, Inc. is registered

to do business in Arkansas and is licensed by the Contractors Licensing Board. Apache wholly owns Metalizing and Protective Coatings of America, Inc. and does business under the name of its wholly owned subsidiary." (ECF No. 3). The Answer of separate Defendants Arez and Alrez indicates that Metalizing is a corporation incorporated under the laws of Texas. Arez and Alrez also allege that Metalizing's principle place of business is in Texas.

Assuming Arez and Alrez have properly alleged that Metalizing's citizenship is Texas, the removing Defendants have not met their burden to show there is complete diversity because they have not alleged the citizenship of all the named and served Defendants. The law is well settled that a removing party must allege diversity both at the time of the filing of the suit in state court and at the time of removal. *Stevens v. Nichols*, 130 U.S. 230 (1889); *Jackson v. Allen*, 132 U.S. 27 (1889). Not only does the Notice of Removal filed in this case fail to meet this requirement, the pleadings on which the Notice of Removal relies do not fully state the citizenship of separate defendants Arez, Alrez, or Larco. In its Notice of Removal, Arez and Alrez's allegation of citizenship is only that "[f]rom the face of the attached pleadings, this is an action between citizens of different states." (ECF No. 1). The extent of the allegations in the pleadings purporting to allege citizenship is an allegation that Arez is a Delaware limited liability corporation operating in Arkansas, Alrez is an Arkansas corporation operating in Arkansas, and Larco is an Arkansas corporation operating in Arkansas. An allegation that the corporation merely operates a business in a state is insufficient to establish its citizenship. There is no allegation of these three Defendants' principle places of business. The right to remove an action depends upon diversity of citizenship and not diversity of residence. Because a corporation may be a citizen of more than one state, Alrez, Arez, and Larco may be citizens of the same state as Plaintiffs, and it is unclear based on the pleadings that there is diversity of citizenship. "[D]oubtful issues of law

3

or fact are to be decided in the state court and not in the removal proceedings," *Bolstad v. Central Surety & Ins. Corp.*, 168 F.2d 927 (8th Cir. 1948), and the removal statutes will be strictly construed in favor of state court jurisdiction, *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941).

Therefore, the Court finds that the separate Defendants have not met their burden to show this Court has subject-matter jurisdiction over the lawsuit.

B. Existence of State Agencies as Defendants

Additionally, the existence of separate Defendants that are agencies of the state of Arkansas destroys the required diversity of citizenship. *See Postal Telegraph Cable Co. v. State of Alabama*, 155 U.S. 482, 487 (1894) ("[I]t is well settled that a suit between a state and a citizen . . . of another state is not between citizens of different states.").

The State of Arkansas cannot be a "citizen" of itself; thus, if the agencies are arms of the State of Arkansas, there is no diversity of citizenship jurisdiction under 28 U.S.C. § 1332. In *Wade-Lemee v. Board of Educ. of City of St. Louis*, 205 Fed Appx. 477 (8th Cir. 2006), the Court of Appeals for the Eighth Circuit held that in determining whether an agency of the state was an arm of the state for Eleventh Amendment purposes that courts "must consider: (1) an agency's powers and characteristics under state law; (2) an agency's relationship to the state-its autonomy from the state and degree of control over its own affairs; and (3) whether any award would flow from the state treasury. *Id.* (citations and quotation marks omitted). Here however, the analysis is not whether the agencies are arms of the state for Eleventh Amendment immunity purposes, but rather whether the agencies are arms of the state for diversity of citizenship purposes. Nonetheless, the Court believes that the analysis would be similar as the goal is to determine whether the agencies are arms of the state. *Ark. Rural*

*Med. Practice v. Nelson*, 4:09CV00823JAM, 2009 WL 5206717 (E.D. Ark. Dec. 30, 2009).

The named Defendants ADFA and AEDC are agencies of the state of Arkansas. The Defendants have failed to show that these agencies are not an arm of the State of Arkansas. In *Hadley v. North Arkansas Community Technical College*, 76 F.3d 1437 (8th Cir. 1996), the Eighth Circuit ruled that North Arkansas Community Technical College was an "arm" of the State of Arkansas because the state called it a state agency, ultimately provided state control of it and, most importantly, funded its general operations primarily from the state treasury. *Id*. Because of the powers of the agencies and their relationship to the state the same decision should be found here. The Court finds that the agencies are arms of the State of Arkansas resulting in there being no diversity of citizenship. Without diversity of citizenship, the Court lacks jurisdiction.

### C. Defendants as Citizens of State in Which Action was Brought

The Court also finds that it does not have jurisdiction because some of the Defendants are citizens of Arkansas. "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). The Notice of Removal, relying on the pleadings, does not properly allege the complete citizenship of the Defendants Alrez, Arez, or Larco, as they are corporations that may be citizens of more than one state. However, the Complaint does properly allege that Alrez and Larco are citizens of Arkansas. Arkansas citizens may not remove the action to this Court. Likewise, if the Complaint was intended to imply that Arez is also a citizen because of its place of business in Arkansas, it was both insufficient and ineffective since a case cannot be removed if the defendants are Arkansas citizens.

D.  Consent to Removal

Finally, the Court finds that the Notice to Remand was ineffective because all Defendants were not joined.  Only separate Defendants Arez and Alrez have joined in the Notice of Removal.  Under the rule of unanimity, ordinarily all defendants must join in a notice of removal or the case will be remanded.  *Chicago, Rock Island, & Pac. Ry. v. Martin*, 178 U.S. 245, 251 (1900); *Bradley v. Md. Cas., Co.*, 382 F.2d 415, 419 (8th Cir. 1967).  The courts have recognized three exceptions to this requirement of unanimity among defendants: (1) nominal or formal parties are not required to join the removal petition; (2) defendants who have not yet been served with process are not required to join, and (3) separate and independent claims may be removed individually under 28 U.S.C. § 1441(c).  While the failure of one defendant to consent renders the removal defective, each defendant need not necessarily sign the notice of removal.  *See Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988) (cited with disagreement on a different point of law in *Marano Enters. of Kan. v. Z–Teca Rests., L.P.*, 254 F.3d 753, 755-57, 756 n.6 (8th Cir. 2001)).  There must, however, "be some timely filed written indication from each served defendant," or from some person with authority to act on the defendant's behalf, indicating that the defendant "has actually consented" to the removal. *Id.*  In their Motion for Extension of Time and for Leave to File a Motion to Dismiss (ECF No. 15), separate defendants ADFA and AEDC stated that "if requested, [they] would have consented to removal."  Therefore, Alrez and Arez's failure to include them on the Notice of Removal is not detrimental to federal subject-matter jurisdiction.

However, separate defendant Larco did not sign the Notice of Removal and the record reveals no indication that it has consented to removal.  Since removal is entirely a statutory right, the relevant procedures must be followed.  *Lewis v. Rego Co.*, 757 F.2d 66, 68 (3rd Cir. 1985).  Removal statutes

are strictly construed to limit the federal court's authority to that expressly provided by Congress and to protect the states' judicial powers. *Shamrock Oil & Gas Corp.*, 313 U.S. at 108-09. The removing party has not shown that any of the exceptions to the unanimity requirement apply with respect to Larco. *See Horton v. Conklin*, 431 F.3d 602 (8th Cir. 2005) (noting in dicta that motion to remove was "apparently defective from outset due to his failure to join all defendants as required by [Eighth Circuit's] interpretation of 28 U.S.C. § 1446" in case in which several non-joining defendants had been served but had not yet filed an answer). Therefore, the failure of separate Defendants Arez and Alrez to join separate Defendant Larco precludes this Court from exercising jurisdiction.

### III. Conclusion

For the reasons stated, Plaintiffs' Motion to Remand (ECF No. 19) is hereby GRANTED. This matter is hereby remanded to the Circuit Court of Ashley County, Arkansas for proper adjudication of the issues in this case.

**IT IS SO ORDERED**, this 14th day of October, 2014.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge